# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EARNEST JEAN JACKSON,**
        Petitioner,

    v.                                     Case No. 12-CV-00554

**MICHAEL BAENEN, Warden,**
**Green Bay Correctional Institution,**
        Respondent.

## DECISION AND ORDER

Pro se petitioner Earnest Jackson brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree intentional homicide and mutilating a corpse, both as a party to a crime on October 18, 2007. He was sentenced to two concurrent terms of life imprisonment without extended supervision and a bifurcated term of five years confinement and five years extended supervision. Petitioner is currently incarcerated at Green Bay Correctional Institution. Before me now is petitioner's motion to stay the case while he returns to state court to exhaust one of his claims.

Petitioner asks for the opportunity to return to state court to exhaust his claim of ineffective assistance by postconviction counsel.[1] After his conviction, petitioner was

---

[1] At one point in his opening brief, petitioner implies that he wishes to exhaust several claims, but the only claim he discusses is his claim of ineffective assistance of postconviction counsel. Therefore, I treat his motion as only addressing this claim.

appointed a new attorney to handle postconviction relief. This attorney filed a postconviction motion alleging that trial counsel had provided ineffective assistance in several ways. The motion was denied, and the same attorney then represented petitioner on direct appeal. Petitioner claims that his postconviction attorney was ineffective because he failed to include certain arguments related to petitioner's right to be free from double jeopardy in the postconviction motion. As a result, these arguments were not preserved for appeal.

After petitioner lost on appeal, he filed a pro se motion in the trial court collaterally attacking his conviction under Wis. Stat. § 974.06. He should have included his claim of ineffective assistance of postconviction counsel in that motion, but he did not because he believed he needed to wait and raise this argument as part of a petition for a writ of habeas corpus before the Wisconsin Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509 (S. Ct. 1992). When he brought his subsequent *Knight* petition, the court of appeals rejected it because Wisconsin law requires a defendant to present a claim of ineffective assistance of postconviction counsel to the trial court in the first instance. *See State ex rel. Rothering v. McCaughtry*, 205 Wis.2d 675 (Ct. App. 1996). A *Knight* petition is only appropriate for claims of ineffective assistance by appellate counsel, and the court of appeals found that petitioner's appellate counsel was effective because he raised all of the arguments that had been preserved for appeal. (Answer Ex. Z, ECF No. 8-13.) After his *Knight* petition was rejected, petitioner believed he had exhausted all of his claims and filed this petition. It was not until after respondent answered the petition and expressed his belief that it included unexhausted claims that petitioner moved to stay the petition.

There are several problems with petitioner's motion to stay the case. First, he has already procedurally defaulted on the claim he wishes to exhaust. Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Petitioner asks for leave to return to state court so he can file a second motion under § 974.06, but Wisconsin law prohibits a defendant from bringing a second § 974.06 motion unless he can show a "sufficient reason" for not raising all of his claims in his first motion. Wis. Stat. § 974.06(4); *see also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185 (S. Ct. 1994) (interpreting the statute). Petitioner knew he had a claim for ineffective assistance of postconviction counsel when he brought his first § 974.06 motion, but did not include it because he did not understand Wisconsin's rules for postconviction proceedings. No Wisconsin court has recognized ignorance of the law as a "sufficient reason" under § 974.06(4). *See State v. Maddox*, No. 2011AP1923, 2012 WL 3930372, at *2 (Wis. Ct. App. Sept. 11, 2012) (unpublished opinion) ("Unfortunately for [defendant], ignorance of the law is not a sufficient excuse to challenge a judgment of conviction a third time."); *State v. Kidd*, 332 Wis. 2d 316 (Ct. App. 2011) (unpublished opinion) (same); *see also State v. Jensen*, 272 Wis.2d 707, 729 (Ct. App. 2004) (noting that even pro se defendants are presumed to know the law). Therefore, he cannot bring a second § 974.06 motion.

Secondly, even if petitioner still had an avenue for exhausting his claim in state court, I would not stay this case because he has not shown "good cause" for failing to exhaust the claim before filing this petition. *See Rhines v. Weber*, 544 U.S. 269, 277

3

(2005). The Supreme Court has indicated that the standard for staying a petition so a petitioner can exhaust a claim is more lenient than the standard for excusing a petitioner's procedural default. *Compare Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' [to hold a petition in abeyance]."), *with Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (holding that procedural default can only be excused if the default was caused by "something *external* to the petitioner, something that cannot be fairly attributable to him"); *see also Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (noting that "'good cause' for failing to exhaust state remedies more promptly . . . is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary pro se prisoner'" (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). Nonetheless, I find that petitioner's confusion about Wisconsin law in this case is not sufficient to establish good cause to stay the petition.

Unlike the scenario described in *Pace*, petitioner was not reasonably confused about the law. The Wisconsin Supreme Court's holding in *Rothering* was clear. The court recognized that the same attorney often serves as both postconviction and appellate counsel, but held it is important to distinguish between the two roles. *Rothering*, 205 Wis.2d at 684 n.4. A claim of ineffective assistance of postconviction counsel must be raised in the trial court because that is where the alleged errors took place. *Id.* at 681. Thus, the only reason petitioner failed to raise his claim in his first § 974.06 motion was that he was ignorant of the law, which I find is insufficient to establish good cause to stay the petition. *See Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) ("Ignorance of the law

4

does not constitute good cause."). Allowing a petitioner to stay a petition by claiming ignorance about the law would eviscerate the requirement of good cause set out in *Rhines.* Virtually any prisoner could prove that his or her failure to exhaust was due to ignorance of the law. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (noting that staying habeas petitions based on a petitioner's lack of knowledge that a claim was not exhausted "would render stay-and-abey orders routine" and violate *Rhines'* instruction that stays should only be granted in "limited circumstances").

Finally, the motion to stay the case must be denied because the petition filed with this court does not actually include the claim petitioner seeks to exhaust and he has not moved to amend his petition. The petition states only that petitioner's appellate counsel was ineffective, not that his postconviction counsel was ineffective. Thus, there would be no reason to stay the case to allow petitioner to exhaust this claim.

**THEREFORE, IT IS ORDERED** that petitioner's motion to hold the petition in abeyance to allow for the exhaustion of an additional issue [DOCKET #9] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: 1) petitioner shall have **forty-five (45) days** from the date of if this order within which to file his brief in support of his petition; 2) respondent shall have **forty-five (45) days** following the filing of petitioner's initial brief within which to file a brief in opposition; and 3) petitioner shall have **thirty (30) days** following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 29th day of November 2012.

                                  s/ Lynn Adelman
                                  _____
                                  LYNN ADELMAN
                                  District Judge

6

Case 2:12-cv-00554-LA   Filed 11/29/12   Page 6 of 6   Document 13